UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH VAN DAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00120-JAW |
| | ) | |
| DR. ROWE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is serving a sentence in the Maine State Prison, alleges that Defendants, who are employees or agents of the prison, have discriminated against him based on his race and medical disability.  (Complaint, ECF No. 1.)  Plaintiff also alleges that Defendants Austin and Thayer constantly verbally harassed him, which harassment included the use of a racial epithet.  Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that he is part African American and one hundred percent disabled due to schizoaffective disorder and bipolar disorder.   He alleges Defendants have

discriminated against him.  Plaintiff also alleges that Defendants Austin and Thayer regularly laugh at him and address him using a highly offensive racial epithet.

## LEGAL STANDARD

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the

relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

As to Plaintiff's racial discrimination claim, the Equal Protection Clause of the Fourteenth Amendment prohibits racial discrimination. *Aponte-Ramos v. Alvarez-Rubio*, 783 F.3d 905, 908 (1st Cir. 2015). To prove his case, Plaintiff must demonstrate that Defendants' conduct was motivated by "racially discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id.* at 266. Plaintiff must "tender competent evidence that a state actor intentionally discriminated against [him] because [he] belonged to a protected class." *Alexis v. McDonald's Rest. of Mass.*, Inc., 67 F.3d 341, 354 (1st Cir. 1995).

Plaintiff has not described the way in which Defendants discriminated against him. The allegations consist entirely of "conclusory allegations that merely parrot the relevant legal standard," which are not actionable. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013); *see also*, *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal"). Plaintiff, therefore, has not alleged an actionable discrimination claim.

Plaintiff has also not asserted an actionable federal claim based on the offensive statements allegedly made by Defendants Austin and Thayer. "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)); s*ee also Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983").  As the Court in *Lapomarda v. Skibinski*, No. 9-377-P-H, 2009 WL 4884500 (D. Me. Dec. 10, 2009), noted, "'[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the constitution.  Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.'" *Id*. at *3 n.2 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (abrogated on other grounds)).  Accordingly, while the alleged statements made by Defendants Austin and Thayer are deplorable, the statements do not support an actionable claim. *Shabazz v. Cole*, 69 F. Supp. 2d 177, 201 (D. Mass. 1999) ("the weight of authority is that verbal threats, even abusive threats with racial epithets, do not, in the context of prison, violate an inmate's constitutional rights.")).

CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §

1915A, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of May, 2022.